AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF _____

UNITED STATES OF AMERICA

V.

David J. Allen
4/17/79
97 Harrishof Street #3
Roxbury, MA
(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 04-M00011-CPC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **June 21, 2004** in **Suffolk** county, in the District of **Massachusetts** defendant(s) did, (Track Statutory Language of Offense)

having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possess a firearm and ammunition in or affecting commerce

in violation of Title **18** United States Code, Section(s) **922(g)(1)**

I further state that I am a(n) **Special Agent, ATF** and that this complaint is based on the following
Official Title
facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_Lisa A. Rudnick_
Signature of Complainant

Sworn to before me and subscribed in my presence,

08-04-2004                                    at         Boston, Massachusetts
Date                                                     City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE                           _signature_
Name & Title of Judicial Officer                         Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF,") and have been so employed since February, 1996. In that capacity, I investigate numerous violations of the federal firearms statutes and have participated in multiple investigations relating to the unlawful possession of firearms and ammunition.

2. I am aware based on my training and experience that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a felony offense to possess a firearm in or affecting interstate commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named David J. ALLEN ("ALLEN") with being a felon in possession of a firearm in violation of that statute.

3. The statements contained in this affidavit are based on my own investigation and on information provided to me by officers of the Boston Police Department. This affidavit is submitted for the limited purpose of establishing probable cause to believe ALLEN violated 18 U.S.C. §922(g)(1), and therefore does not set

1

forth all of the information that I and other law enforcement personnel have obtained during the course of this investigation.

4. On June 21, 2004, at approximately 10:00 p.m., Boston Police Officers from the Youth Violence Strike Force and District C-11 (Dorchester) were patrolling the area of Morse Street and Washington Street due to a significant increase in firearm violence in that area. Officers observed a large group at the lower end of Morse Street, near Washington Street. As the officers approached the group, an individual later identified as Kenyatta Lindsay alerted ALLEN of the presence of the police and both Lindsay and ALLEN began to run down Washington Street toward Columbia Road with Boston Officers Timothy Stanton, Edwin Guzman, Thomas Pratt, Robert Charbonnier, Jessie Goff and MBTA Officer Robert Pavia giving chase. As ALLEN fled, he was observed clutching his right front hip area, which was consistent with the movements often exhibited by suspects unlawfully carrying firearms without a holster.

5. Sergeant Steve McLaughlin and Officers David Yee and Steve Romano were in an unmarked vehicle and were able to stop ALLEN from further flight by cutting off ALLEN's path. Officer Romano was the first officer to approach ALLEN and, for officer safety, performed a pat frisk of ALLEN at which time Officer Romano felt

2

a handgun on ALLEN's person. Officer Romano placed ALLEN's hands behind his back as he asked Officer Yee and Sergeant McLaughlin for some assistance. At this time, Officer Romano heard ALLEN state, "You got me, I know you saw it." Recovered from ALLEN was a Beretta, 9mm pistol, fully loaded with 15 rounds of 9mm ammunition.

6. The recovered firearm is a Beretta, 9mm semi-automatic pistol, Model 92FS, bearing serial number L07492Z. On July 19, 2004, ATF Special Agent Phillip Ball, a certified interstate nexus examiner, conducted an interstate nexus examination of the recovered firearm and made a determination that the gun was not manufactured in Massachusetts, meaning that the firearm necessarily traveled across a state line or international boundary before being recovered by Boston Police on June 21, 2004. I am further aware based on my investigation that Boston Officer Tyrone Camper successfully test fired the firearm on June 24, 2004.

7. I have reviewed ALLEN's criminal record as maintained by the Massachusetts Criminal History Systems Board. It reveals, among other things, that ALLEN was convicted in 1999 in Dorchester District Court on charges of Manufacturing and Distribution of

3

Class B Narcotics, a felony offense for which he was sentenced to serve over a year in jail.

8. Based on the foregoing, I have probable cause to believe that on or about June 21, 2004, David ALLEN, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

          *Lisa A Rudnicki*
LISA RUDNICKI
Special Agent, ATF

Sworn and subscribed to before me this 4th day of August, 2004.

          *Lawrence P Cohen*
LAWRENCE P. COHEN
U.S. Magistrate Judge

4